### CITY OF LOCKPORT v. MANGOLD et al.

(Supreme Court, Appellate Division, Fourth Department. December 2, 1902.)

1. TAXES—ENFORCEMENT OF LIEN—PREMATURE ACTION.

    Laws 1886, c. 120, § 238, provides that when unpaid taxes on a piece
of land have been in the hands of the treasurer for one year, and shall
amount to $50, the treasurer shall make a transcript, and deliver it to
the city attorney. Section 239 provides the same thing as to all taxes
which shall have remained in his hands three years. Section 240 pro-
vides that on receipt of such transcript the city attorney shall forthwith

bring an action to foreclose the tax lien. *Held*, that where after delivery of a transcript, showing more than $50 taxes due for a year, but before action, the landowner paid taxes for certain years, leaving only $34 taxes, none of which had been due three years, the action could not be maintained.

Appeal from trial term, Niagara county.

Action by the city of Lockport against Frances Mangold and others. From an interlocutory judgment on a decision of the court, defendants appeal. Reversed.

Argued before ADAMS, P. J., and SPRING, WILLIAMS, HISCOCK, and DAVY, JJ.

Jackson & Federspiel, for appellants.
Charles L. Nicholls and Wm. H. Vicary, for respondent.

WILLIAMS, J.   The interlocutory judgment should be reversed, and a new trial granted, with costs to appellants to abide event. The action was for a foreclosure of a lien upon and the sale of real estate for unpaid taxes, under the provisions of the city charter (chapter 120, Laws 1886). Section 238 provides, in brief, that whenever unpaid taxes, with lawful fees and interest, on any one piece of land, shall have been in the hands of the treasurer for one year, and shall amount to at least $50, the treasurer shall make a transcript thereof, together with all other taxes in his hands on the same land, certify the correctness thereof, and deliver it to the city attorney. Section 239 provides the same thing as to all taxes (which would include those amounting to less than $50) which shall have remained in his hands for three years. Section 240 provides that upon receipt of such transcript the city attorney shall forthwith bring the action for foreclosure and sale. May 15, 1900, the treasurer delivered a transcript to the city attorney of taxes on the land in question against the owner, Frances Mangold, viz.: 1895, $18.67; 1896, $15.88; 1897, $17.84; 1898, $17.89; 1899, $17.05; water pipe assessment, $2.45; and fees and interest, $33.20,—in all, $122.98. The city attorney, instead of commencing the action forthwith, wrote the owner, and an interview resulted in an arrangement to delay the action, and give the owner an opportunity to pay the taxes in installments, and so save the expense of a foreclosure. Under this arrangement, the owner paid into the treasurer's office the tax of 1895, $18.67, June 5, 1900; the tax of 1896, $15.88, September 19, 1900; and the tax of 1897, $17.84, October 24, 1900,—amounting in all to $52.39, besides fees and interest thereon. He refused to pay anything further, leaving the taxes of 1898 and 1899, amounting to $34.94, unpaid. Thereupon this action was commenced December 26, 1900, to foreclose for the taxes of 1898 and 1899, which, with fees and interest, amounted to less than $50. The taxes for 1900 were also alleged in the complaint, but improperly so, as they were not on the transcript, and had not been in the treasurer's hands for one year. The defendant, Mangold, answered, admitting the taxes were levied as alleged, and remained unpaid, with fees and interest, and alleged that the action was prematurely brought because the amount of the taxes, with fees and interest, did not amount

to $50, and had not been in the treasurer's hands three years. The trial court directed judgment for the whole three years' taxes and fees and interest.

The principal question raised is that the action was prematurely brought. It is said by the plaintiff that the right of action accrued when the transcript was delivered to the city attorney by the treasurer, May 15, 1900, and that it was not taken away by the subsequent payment of a part of the taxes before the action was actually commenced. This claim cannot, however, be sustained. The right of action is in no way dependent upon the issuing of the transcript. That is required to be issued merely for the purpose of calling the attention of the city attorney to the facts existing in the treasurer's office, and making it his duty forthwith to bring the action. The right of action is based upon the condition of things in the treasurer's office when the action is commenced, to wit, the presence of unpaid taxes upon the piece of land, which, with fees and interest, amount to at least $50, and that they have been there for one year. This condition of things did not exist at the time the action was commenced, and both the treasurer and city attorney knew it. The taxes for 1895, 1896, 1897, with fees and interest, had been paid to, and received by, the treasurer since he issued his transcript. The amount had been at least $50 for a time, but had been reduced below that amount, and was below that amount when the action was commenced. The treasurer could not then issue a transcript for the taxes unpaid, because they had not been in his hands for three years, as provided by the statute. The right to bring this action, therefore, did not then exist.

The scheme of the statute is not to permit a foreclosure and sale for any unpaid taxes for less than $50 unless they have been so unpaid for at least three years. The owner of the property may prevent a foreclosure and sale by keeping the amount of unpaid taxes in the treasurer's hands below $50 and less than three years' standing. No injustice was done the city by the payment of these taxes below $50 before the action was brought. It was a legal right the owner had under the statute. The treasurer could not refuse to receive the money, and when the amount was reduced below $50 the policy of the law was not to permit a foreclosure and sale. If the city attorney wanted to bring the action he should have done so forthwith, as the statute directs. By delaying the action, he gave the owner an opportunity to prevent the foreclosure and sale by paying down the taxes below $50. The trial court erroneously ordered judgment for the plaintiff. The interlocutory judgment should therefore be reversed, and a new trial granted, with costs to appellant to abide event.

Judgment reversed, and new trial ordered, with costs to the appellant to abide event upon questions of law only, the facts having been examined, and no error found therein. All concur.